UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

------------------------------------------------------X
**Angel Acevedo**
**Francheska Matos**                    Case   1:2016 CV 4678
        for themselves
        and all others              **Class Action Complaint**
        similarly situated         **(JURY TRIAL DEMANDED)**
        **Plaintiffs.**
    v.

**Richmond County Ambulance Service, Inc.**
**Ephram Lahasky**
        **Defendants.**

------------------------------------------------------X

      Plaintiffs Angel Acevedo and Francheska Matos, individually and on behalf of all other similarly situated employees, by and through their counsel bring their claims as a class action pursuant to the Fair Labor Standards Act, 29 USC §§ 201 *et seq.* (FLSA) and the New York Minimum Wage Act, NY Lab Law, Article 19 §650 *et seq.* The New York State Department of Labor Minimum Wage Order for Miscellaneous Industries and Occupations, 12 NYCRR 142 Promulgated by the Commissioner of Labor Pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law, Article 2 §21(11) and Article 19 § 652. Class Action status is sought pursuant to Federal Rule of Civil Procedure 23.

      Plaintiffs complain, on personal belief as to themselves and their own acts, and as for all other matters on information and belief, and based upon the investigation made by their counsel state as follows:

*Jurisdiction and Venue*

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because it involves a federal question under the Fair Labor Standards Act, 29 USC §§ 201 *et seq*.

2. This Court has supplemental jurisdiction over pendent state claims arising under the New York Labor Law, Article 19 and The New York State Department of Labor Minimum Wage Order for Miscellaneous Industries and Occupations, 12 NYCRR 142 Promulgated by the Commissioner of Labor Pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law, Article 2 §21(11) and Article 19 § 652 by reason of 28 U.S.C. § 1367 in that such claims are so related to the claims under the original jurisdiction of the Court as to form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business in this District and the unlawful employment practices occurred in this District.

*Summary of the Case*

4. Plaintiffs bring this action for unpaid overtime compensation, liquidation, back pay, front pay, punitive damages and other equitable and ancillary relief pursuant to the FLSA and the New York Labor Law, Article 19 and the Minimum Wage Order issued pursuant thereto (NYLL).

5. Throughout the statutory period, Plaintiffs worked regularly more than 40 hours per workweek without overtime compensation. Defendants' failure to pay Plaintiff time and one-half for all work performed in excess of 40 yours per workweek without overtime compensation in violation of the FLSA and the NYLL.

*Parties*

6. Plaintiff Angel Acevedo (hereinafter "Acevedo") is a resident of Bronx, New York, He worked as a non-exempt ambulance driver for Richmond County Ambulance Services, Inc. (hereinafter "RCA") from August 30, 2013 through and including May 1, 2015, all during the applicable statute of limitations period.

7. Plaintiff Francheska Matos (hereinafter "Matos") is a resident of Bronx, New York. She worked as a non-exempt ambulance driver for RCA from September 27, 2013 through May 2015, all during the applicable statute of limitations period.

8. Plaintiffs bring this case on behalf of themselves and others who currently work or who worked as a non-exempt ambulance driver or other positions performing similar responsibilities for the Defendants in the State of New York at any time during the three year period immediately preceding the filing of this complaint (hereinafter "Statutory Period"

9. Defendant Richmond County Ambulance Service, Inc. is a New York Corporation with its offices located at 1355 Castleton Avenue, Staten Island, New York 10310.

10. Defendant, Ephram Lahasky ("Lahasky") is an individual residing at 130 Lord Avenue, Lawrence, New York 11559. Lahasky is the Chief Executive Officer of RCA and on information and belief is its owner.

11. RCA is in the business of providing medical transport for seniors, medical patients and "the handicap". It provides long and short distance travel for the five boroughs of New York City. Full details of the services provided by RCA can be found

on its website at: http://www.rcambulancenyc.com/services.php seen on July 6, 2016 at 4:57 pm CDT.

11. Plaintiffs are or have been employed by the Defendants as ambulance drivers or EMT technicians.

12. Defendants managed Plaintiffs' work, including the number of hours worked by ambulance drivers or EMT technicians. Defendants dictated, controlled and ratified policies related to Plaintiffs' wages and hours and all related employee compensation policies.

13. At all times herein relevant, Plaintiffs and all similarly situated ambulance drivers and EMT technicians have been classified by Defendants as non-exempt employees under the NYLL and are non-exempt under the FLSA.

**Class Allegations**

14  Representative Plaintiffs bring claims for relief on their own and as a class action pursuant to Federal Rule of Civil Procedure 23.

15. The class is so numerous that joinder of all members is impracticable

16. There are questions of law or fact common to the class

17. The claims of the representative parties are typical of the claims of the class.

18. The representative parties will fairly and adequately protect the interests of the class.

19. The class is defined as "All individuals who are currently employed or were employed by one or more of the Defendants, its subsidiaries or affiliated companies, in the State of New York as ambulance drivers or EMT technicians or other positions

performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period."

20. *Numerosity.* On information and belief, the total number of putative class members represents at least 100 individuals. The exact number of class members may be determined from Defendants' records.

21. *Commonality.* There are numerous and substantial question of law and fact common to members of the class, including, but not limited to:

    a.    Whether Defendants failed to keep true and accurate time records for all hours worked;

    b.    Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

    c.    Whether Defendants improperly classified class members as independent contractors at any time;

    d.    Whether Defendants failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages; and

    e.    Whether the Defendants willfully failed to comply with the FLSA.

22. Plaintiffs anticipate that Defendants will raise defenses that are common to the Class.

23. *Adequacy.* The Representative Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in the prosecution of complex litigation and who have experience acting as class counsel in labor matters.

24. *Typicality.* The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent. The Representative Plaintiffs have the same interests and suffer from the same injuries as the class members in general.

25. Upon information and belief, there are no other class members who have an interest in controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action.

26. *Superiority.* A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate class actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

### UNPAID WAGES AND OVERTIME UNDER THE FLSA

25. Plaintiffs repeat and reallege the above paragraphs as though fully set forth therein.

26. Defendant RCA is an "employer" and Plaintiffs and "employees" under the FLSA.

27. Defendant Lahasky is the Chief Executive Officer of RCA. He is involved in the day-to-day operation of RCA and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation and capital expenditures. At all relevant times, Lahasky acted and had responsibility to act on behalf of and in the interests of RCA in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees. As such, at all time herein mentioned, Defendant Lahasky has been and continues to be an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

28. The FLSA, 29 U.S.C. § 207(a)(1) states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of 40 per week. The FLSA provides that employers who violate the provisions of the FLSA are liable to affected employees for unpaid wages, liquidated damages, costs and attorney's fees and other appropriate relief.

29. Defendants violated the FLSA by regularly and repeatedly failing to properly compensate Plaintiffs for the actual time they worked each week.

30. Defendants also willfully failed to pay overtime wages and other benefits to Plaintiffs.

31. In particular, Plaintiffs are either Emergency Medical Technicians or Ambulance Drivers for RCA.

32.	Plaintiffs maintain regular time records for their work with RCA through a program known as "ProSchduler Plus – Richmond County Ambulance at a website known as www.net-scheduler.com.

33.	As an example, Plaintiff Matos worked for a total of 71 hours and 25 minutes as evidenced by ProScheduler Plus during the period between January 19, 2014 and January 24, 2014.

34.	Moreover, Plaintiff Matos commented that on January 24. 2014, she actually worked 13 hours and 22 minutes whereas she was "punched out by mistake by dispatch" showing only having worked 11 hour and one minute.

35.	Regardless, even though Plaintiff Matos worked well in excess of 40 hours during this time period, she did not receive overtime compensation.

36.	RCA's failure to pay overtime was persistent. For example, for the period between February 23, 2015 and February 26, 2015, Plaintiff Matos worked for a period of 49 hours and 40 minutes (49.67) hours but was not paid overtime. For this period, RCA's payroll records reflect that "items in red are unpaid or belong to salaried employees." However, Plaintiff Matos is not an exempt employee and never has been a salaried exempt employee.

37.	Defendants know that Plaintiff Matos is not an exempt employee and never has been a salaried exempt employee.

38.	Plaintiff Matos has maintained records for at least 50 weeks and perhaps more.

39.	Plaintiff Acevedo worked 45 hours and 38 minutes (45.53 hours) during the period starting December 15, 2014 and through December 18, 2014. Plaintiff

Acevedo was not paid overtime. For this period, RCA's payroll records reflect that "items in red are unpaid or belong to salaried employees." However, Plaintiff Acevedo is not an exempt employee and never has been a salaried exempt employee.

40. Plaintiff Acevedo has maintained records for as many as 50 weeks reflecting non-payment of overtime.

41. These time records are merely illustrative of the persistent and pervasive pattern of RCA's failure to pay its ambulance drivers and EMTs overtime wages as required by the FLSA and the New York Labor Law.

42. The time records of Plaintiffs Matos and Acevedo are not isolated instances but merely illustrative of the persistent and pervasive willful conduct of Defendants in failing to pay Plaintiffs overtime wages to which they are entitled under both federal and New York State law.

43. As a direct and proximate consequence of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT II

**UNPAID WAGES AND OVERTIME UNDER THE
NEW YORK LABOR LAW, ARTICLE 19 AND
THE NEW YORK DEPARTMENT OF LABOR
MINIMUM WAGE ORDER**

44. Plaintiffs repeat the allegations of the paragraphs above as though fully set forth herein.

45. Defendant RCA is and employer and Defendant Lahasky is an employer within the meaning of the New York Labor Law, Article 19, section 651-6.

46. The New York Labor Law, Article 19 and The Department of Labor's Minimum Wage Order requires employers to pay employee wages for all hours work. In

particular, the Minimum Wage Order required employers to pay overtime at the rate of 1.5 times normal hourly pay.

47. The New York Labor Law, Article 19, provides that employers who violate the Order are liable to employees for unpaid wages, attorney's fees, liquidated damages, costs and other appropriate damages See, e.g., New York Labor Law §§ 198(1-a), 663(1).

48. Defendants willfully violated the New York Labor Law and Minimum Wage Order by failing to properly compensate Plaintiffs for the actual time they worked during the statutory period.

**PRAYER FOR RELIEF**

Wherefore, the named plaintiffs herein, individually and on behalf of all others similarly situated, by their attorneys, demand judgment against the Defendants and each of them, jointly and severally, and in favor of Plaintiffs and all other similarly situated, for a sum that will properly compensate Plaintiffs and the putative class for the nature and extent of their damages, the cost of this action and as follows:

A. Certify a class for Counts I and II of all individuals who are currently employed or were employed by one or more of the Defendants, their respective subsidiaries or affiliated companies in the State of New York as ambulance drivers or EMT technician, or other positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations.

B. Declare and find that the Defendants and each of them committed one or more of the following acts:

   a. Violated the overtime requirements and provisions of the New York Labor Law and The Department of Labor Minimum Wage Order implementing the same by failing to pay overtime to Plaintiffs

b. Violated the overtime requirements and provisions of the Federal Fair Labor Standards Act by failing to pay overtime to Plaintiffs;

c. Willfully violated the provisions of the New York New York Labor Law and The Department of Labor Minimum Wage Order implementing the same by failing to pay overtime to Plaintiffs.

d. Willfully violated the provisions of the Federal Fair Labor Standards Act by failing to pay overtime to Plaintiffs

e. Award compensatory damages including all overtime pay and any and all improper and wrongful deductions made by the Defendants in an amount according to proof.

f. Award liquidated damages due all individual Plaintiffs for all overtime compensation.pursuant to their claims under the FLSA.

g. Award all costs and reasonable attorney's fees incurred in prosecuting this claim.

h. Grant leave to add additional plaintiffs by consent forms, or other method approved by the Court.

i. Granting prejudgment interest in such amount as may be permitted by statute or equity

j. For such other and further relief as the Court deems just and equitable

Respectfully submitted

*/s/ Ibrahim Shatara*
Attorney for Plaintiffs

Ibrahim Shatara, Esq.
1512 Castle Hill Avenue
Bronx, NY 10462
929 777-9669
Ishatara.esq@gmail.com

David P. Leibowitz (Pro hac vice application to follow)
Illinois Attorney 1612271
Allen Chern Law
79 W. Monroe Street, Suite 500
Chicago, IL 60603
312-940-7445 (alternate and preferred 847 856 7979)  dleibowitz@uprightlaw.com